UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GERALD DILLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 4:10cv41 |
| | ) |
| SCOTT BIRD SEED, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendant Gutwein & Co. (incorrectly identified as Scott Bird Seed), on August 23, 2010. The plaintiff, Gerald Dillon ("Dillon"), proceeding pro se, filed responses to the motion on August 30, 2010, September 7, 2010 and September 30, 2010. The defendant filed a reply on September 21, 2010.

For the following reasons the motion to dismiss will be granted.

## Discussion

On May 10, 2010, Dillon filed his original Complaint against the defendant. On May 11, 2010, the court struck the original Complaint and ordered that Dillon re-file, using the proper pro se form. In its order, the court noted the deficiencies in the original Complaint, specifically that the Complaint was not on the proper form, did not clearly address whether Dillon received a right-to-sue notice from the EEOC, and that it did not explain why he believed his termination was due to discrimination. Thus, the court ordered Dillon to file an amended complaint correcting these deficiencies.

Dillon filed his Amended Complaint on May 18, 2010, which is comprised of fifty-four pages of documents. It appears as though Dillon is alleging causes of action under Title VII and

the ADEA. However, Dillon has not identified the alleged protected category under Title VII. The defendant has presumed that Dillon is alleging race discrimination but such allegations do not exist on the face of the Amended Complaint. In the "Facts in Support of Complaint" section of the Amended Complaint, Dillon states that his supervisors harassed him on a gun charge and that he was accused of a safety violation. Dillon further alleges that he filed a discrimination charge with the EEOC on an unspecified date and was issued a notice of right to sue on March 15, 2010.

The defendant asserts that Dillon's Amended Complaint is a textbook example of a pleading that does not meet the standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, Dillon's Amended Complaint is completely devoid of facts and consists entirely of conclusory allegations. It fails to describe Dillon's claims in sufficient detail to place defendant on fair notice as to the basis of his claims.

A motion to dismiss should be granted if the complaint fails to state a claim that entitles a plaintiff to relief. Corcoran v. Chicago Park. Dist., 875 F.2d 609, 611 (7th Cir. 1989). Federal Rule of Civil Procedure 8(a)(2) requires that a Complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." To meet the standard of Rule 8(a)(2), the complaint must describe the claim in sufficient detail "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). "The pleading standard established by Rule 8

does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Dillon's responses to the motion are ineffectual as he fails to address any of the issues raised in the motion to dismiss. Dillon indicates that "they violated the plaintiff's rights of the safety policy and I was terminated for lock-out tag-out" yet he does not even allege that he was terminated based on a protected category. He has still failed to provide a factual basis of his claims of a Title VII violation and age discrimination in accordance with the standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is clear in the present case that Dillon has failed to identify any facts to support the essential elements of his Title VII and age discrimination claims. Dillon must plead sufficient facts establishing a prima facie case of discrimination under Title VII and the ADEA. Thus, he must plead facts to support each of the following elements: (1) that he is a member of a protected class; (2) that he was qualified for and performing his job satisfactorily; (3) that he experienced an adverse employment action; and (4) that similarly situated employees outside the protected class received more favorable treatment. See Nichols v. So. Illinois Univ.-Edwardsville, 510 F.3d 772, 780 (7th Cir. 2007). To prevail on an ADEA claim, Dillon must establish that his age was the "but-for" cause for the defendant's adverse employment action. Gross v. FBL Financial Services, Inc., 129 S. Ct. 2343, 2352 (2009); Serwatka v. Rockwell Automation, 588 F.3d 501, 506 (7th Cir. 2010). The elements of a prima facie case of age discrimination under the ADEA are the same as those for a Title VII discrimination claim. See Faas v. Sears Roebuck & Co., 532 F.3d 633, 641 (7th Cir. 2008). As Dillon has failed to plead sufficient facts and has merely plead legal conclusions, the motion to dismiss must be granted.

## Conclusion

On the basis of the foregoing, the defendant's motion to dismiss (with prejudice) [DE 24] is hereby GRANTED.

Entered: November 8, 2010.

s/ William C. Lee
William C. Lee, Judge
United States District Court
